**H. AKIA GORE, Appellant/Plaintiff**
**v.**
**ELIZABETH TILDEN, Appellee/Defendant**

S. Ct. Civ. No. 2007/85

Supreme Court of the Virgin Islands

August 21, 2008

H. AKIA GORE, St. Croix, USVI, *Pro se*.

ELIZABETH TILDEN, St. Croix, USVI, *Pro se*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(August 21, 2008)

PER CURIAM. H. Akia Gore ("Gore") filed the underlying small claims action for debt against Elizabeth Tilden ("Tilden") alleging that she defaulted on her lease and failed to pay the last month's rent. On June 8, 2007, Tilden filed a counterclaim requesting the return of her security

deposit and $6,000 for repeated violations of her right to quiet enjoyment of the premises. Gore failed to appear at the scheduled June 12, 2007, bench trial on the matter. The Superior Court dismissed Gore's complaint for failure to prosecute and entered default judgment on Tilden's counterclaim for the return of the security deposit, but found that Tilden failed to provide a cognizable measure of damages for the alleged violations of her right to quiet enjoyment. Gore subsequently filed a motion to reopen the matter which was denied by the Superior Court. Gore now appeals the underlying judgment arguing that the Superior Court: (1) failed to timely notify him of the scheduled trial date; (2) was biased in denying his request for a continuance but granting Tilden's request; (3) erred by failing to allow a surrogate to present evidence on his behalf; and (4) erred by entering default judgment against him on Tilden's counterclaim for a refund of the security deposit. This Court must determine on appeal whether the trial court abused its discretion by dismissing Gore's complaint, deciding not to grant him a continuance, not allowing a surrogate to represent him at trial, and entering default against him on the counterclaim. For the reasons which follow, we affirm the Superior Court's dismissal of Gore's complaint, but reverse the entry of default judgment on Tilden's counterclaim and remand the matter to the trial court for a new trial on the merits of the counterclaim.

## I. JURISDICTION AND STANDARD OF REVIEW

As a threshold matter, this Court has jurisdiction to review the trial court's judgment pursuant to title 4, section 32(a) of the Virgin Islands Code, which vests the Supreme Court with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court."

> The standard of review for this Court in examining the Superior Court's application of law is plenary. Findings of fact are reviewed on appeal under a clearly erroneous standard of review. The appellate court must accept the factual determination of the fact finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.

*St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007) (citations omitted). We apply an abuse of discretion standard to the Superior

Court's dismissal of a case for failure to prosecute. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994). "Continuance of a trial is a matter of discretion with the trial court which will not be disturbed unless a clear abuse has been shown." *Fontana v. United Bonding Ins. Co.*, 468 F.2d 168, 169 (3d Cir. 1972). "In general, a [trial] court abuses its discretion when it acts in a fashion 'clearly contrary to reason and not justified by the evidence.' " *United States v. A.R.*, 38 F.3d 699, 705 (3d Cir. 1994) (quoting *Vizzini v. Ford Motor Co.*, 569 F.2d 754, 760 (3d Cir. 1977)). Additionally, since this matter was initiated in the Small Claims Division of the Superior Court, this Court must consider the Superior Court Rules governing procedure in the Small Claims Division. Specifically, Rule 64 of the Superior Court Rules provides in pertinent part that

> [t]he judge shall conduct the trial in such a manner as to do substantial justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings, or evidence, except such provisions relating to privileged communications.

## II. DISCUSSION

■ Gore argues that the trial court failed to timely notify him of the scheduled trial date. Rule 63 of the Rules of the Superior Court provides in pertinent part that:

(a) The return-day, which shall be stated in the summons, shall not be less than 5, nor more than 15 days from the date of filing the action, in the discretion of the judge, according to the nature and circumstances of the case and the method of service to be employed.

(b) The trial shall be held on the return-day, unless for good cause shown the time of the trial is set for a later day.

(c) If the defendant fails to appear, judgment may be entered by default where the claim is for a liquidated amount, or judgment may be entered upon ex parte proof where the claim is unliquidated. If the plaintiff fails to appear, the suit may be dismissed for want of prosecution, or the defendant may proceed to a trial on the merits, or the case may be continued, as the judge may direct.

236

The record indicates that Gore was notified in a letter, dated March 26, 2007, and mailed by the Chief Deputy Clerk of the Superior Court, that the trial date was scheduled for June 12, 2007. A notation in the record indicates, however, that Gore was also notified of the trial by a court clerk by telephone because an incorrect address had been used in the letter mailed by the Chief Deputy Clerk.[1] The source of this notation in the record, however, is unclear. There is no indication in the record of who made the notation, when the notation was made, or when the phone call to Gore was made. Moreover, the official copy of the record received from the Superior Court does not contain the notation which appears in the Appendix filed by the Appellant. "[I]n most cases, a 'court of appeals may not consider material or purported evidence which was not brought upon the record in the trial court.' " *Werner v. Werner*, 267 F.3d 288, 294-95 (3d Cir. 2001) (quoting *U.S. ex rel. Bradshaw v. Alldredge*, 432 F.2d 1248, 1250 (3d Cir. 1970)). Consequently, the notation relied upon by Gore cannot support his claim that he did not receive timely notification of the trial date.

What is clear from the record, however, is that Gore did have advance notice of the trial, which is evidenced by the fact that he was able to send someone else to the trial prepared with evidence to present on his behalf. Moreover, Gore admits in his brief that he received a phone call advising him of the June 12, 2007, trial on June 1, 2007, eleven days before the trial. Rules 63(a) and (b) of the Rules of the Superior Court indicate that a party should receive between five to fifteen days notice of an impending small claims trial. Therefore, it is evident from Gore's own admission that he had adequate notice of the trial. Rule 63(c) of the Rules of the Superior Court additionally grants the court the authority in small claims cases to dismiss or continue a case, or proceed to trial on the merits, when the plaintiff fails to appear. Gore's allegation of untimely notice does not provide this Court with any evidence that the trial court acted in a fashion clearly contrary to reason and not justified by the evidence. The trial court's dismissal of Gore's complaint in the underlying matter satisfied the small claims substantial justice requirement. *See* SUPER. CT. R. 64. Therefore, this Court cannot find that

---

[1] The letter was sent to the address provided by Gore in his request for a continuance, 2818 Berry Drive, instead of 2817 Berry Drive, which was the address Gore designated in his complaint (App. at 5, 8.)

the trial court abused its discretion by dismissing Gore's complaint for failure to prosecute.

■■ Additionally, Gore argues that the trial court was biased in denying his request for a continuance but granting Tilden's request. The record, however, clearly belies this assertion. Tilden's letter requesting a continuance of the March 20, 2007 scheduled trial was dated March 11, 2007, and filed with the court on March 12, 2007. Her request was granted, and an order rescheduling the matter for trial on June 12, 2007, was entered on March 15, 2007. Gore did not file his letter requesting a continuance of the originally scheduled March 20, 2007 trial until March 20, 2007, and the trial had already been rescheduled for June 12, 2007. Gore's letter requested court dates between June 18, 2007, and June 20, 2007, or between June 22, 2007, and July 10, 2007, times when he had already planned to be on St. Croix. Certainly, Gore cannot expect this Court to find that the schedule of the Superior Court and its judges should be held at the mercy of the hundreds of plaintiffs that file law suits each year. "The power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits." *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974). The date selected by the trial court was very near to the dates requested by Gore and likely was selected based upon the availability of the judge. Moreover, Gore's request for a continuance was premised upon a previously scheduled vacation, while Tilden's request was premised on a previously scheduled job interview. Certainly the timing and nature of the requests played a part in the trial court's determination of the requests. Accordingly, this Court cannot find that the trial court clearly abused its discretion by granting Tilden's request for a continuance and denying Gore's subsequent request.

■ Gore also argues that the trial court erred by failing to allow a surrogate to present evidence on his behalf at trial. At the beginning of the trial, Marie Bess ("Bess") sought to introduce evidence on behalf of Gore as his rental agent. Upon inquiry by the court, however, Bess admitted that she had no personal knowledge of the debt at issue in Gore's complaint and had never collected rent from Tilden on Gore's behalf. Consequently, the court determined that "there [was] no statute or rule under which [the court could] let [Bess] simply pretend that [she was] like [Gore] and stand up in his place." (App. at 14.) Gore has cited no authority to support his argument that Bess should have been allowed to

represent him at the small claims trial. In fact, title 4, section 112(d) of the Virgin Islands Code, which governs appearances in small claims cases, provides in pertinent part that "parties shall in all cases appear in person except for corporate parties, associations and partnerships which may appear by a personal representative." Given this clear statutory prohibition against surrogate representation of individuals, the trial court did not err in refusing to allow Bess to represent Gore.

Finally, Gore argues that the trial court erred by entering default judgment against him on Tilden's counterclaim for a refund of the security deposit. Rule 63(c) of the Rules of the Superior Court grants the court the authority in small claims cases to enter default judgment if the defendant fails to appear. The record does not indicate, however, whether Gore was served with Tilden's counterclaim prior to the trial on June 12, 2007. Instead, the record shows only that the counterclaim was filed on June 8, 2007, two working days prior to the trial, and that a summons was issued to Gore on the same date. The record lacks, however, a certificate or return of service as evidence of service of the summons upon Gore. Consequently, there is no evidence in the record that Gore received notice of Tilden's counterclaim against him prior to the entry of default at the June 12, 2007, trial.

 Unquestionably, "a judgment may be set aside on voidness grounds . . . for a violation of the due process clause of the Fifth Amendment." *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985) (citing *Winhoven v. United States*, 201 F.2d 174, 175 (9th Cir. 1952)). The Supreme Court of the United States has long established the due process requirements for notice:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably cal-culated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950) (internal citations omitted). "The purpose of notice under the Due Process Clause is to apprise the affected individual of,

and permit adequate preparation for, an impending 'hearing.' " *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S. Ct. 1554, 1563, 56 L. Ed. 2d 30 (1978). Therefore, in the underlying matter, absent proof of service of Tilden's counterclaim upon Gore, we are not satisfied that substantial justice was accomplished by the trial court's entry of default judgment on Tilden's counterclaim. Moreover, even if Gore had been served with the counterclaim on the date the summons was issued, June 8, 2007, service two working days prior to the date of a small claims trial is insufficient as a matter of law. *See* SUPER. CT. R. 63. As previously noted, Rules 63(a) and (b) of the Rules of the Superior Court indicate that a party should receive between five to fifteen days notice of an impending small claims trial.

## III. CONCLUSION

We do not find that the trial court clearly abused its discretion by granting Tilden's request for a continuance and denying Gore's subsequent request, or by dismissing Gore's complaint for failure to prosecute. We also find no error in the Superior Court's application of law in determining that Gore could not be represented by a surrogate at trial. We are not satisfied, however, that substantial justice was accomplished by the Superior Court's entry of default judgment on Tilden's counterclaim, because of the failure to serve Gore with the counterclaim prior to the entry of default judgment. Accordingly, we affirm the Superior Court's dismissal of Gore's complaint, but reverse the entry of default judgment on Tilden's counterclaim and remand the matter to the trial court for a new trial on the merits of the counterclaim.