

**FILED**
December 04, 2020
SX-2015-SM-00088
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| VI CASINO CONTROL COMMISSION ) | SX-16-RV-10/ |
| ) | SX-15-SM-88 |
| Petitioner/Defendant ) | |
| ) | |
| CARPET MASTERS ) | PETITION FOR REVEIW |
| ) | |
| Respondent/Plaintiff ) | |

**Cite as: 2020 VI Super 102U**

**Appearances:**

**Bernard Cuffy, Pro Se**
**Carpet Masters**
Bernard Cuffy
#1A Old Hospital Ground
Christiansted, VI 00820

**Marvin Pickering, Chairman**
VI Casino Control Commission
#3005 Orange Grove
Christiansted, VI 00820

### MEMORANDUM OPINION

**Meade, Judge**

¶ 1.    Petitioner, VI Casino Control Commission (hereinafter Petitioner or Casino Control Commission) appeals the denial of its request for continuance and the Default Judgment entered by the Magistrate Court on November 15, 2016 in favor of Respondent, Carpet Masters (hereinafter Respondent or Carpet Masters).

### Factual and Procedural Background

¶ 2.    On April 22, 2015 Carpet Masters filed an action in the Small Claims Division of the Superior Court alleging that the Casino Control Commission failed to pay for services rendered by Carpet Masters. Specifically, the complaint alleged that the Casino Control Commission failed to pay invoice number 24487 in the amount of One Thousand Three Hundred

and Fifteen ($1,315.00) Dollars for an emergency water extraction after its Offices became flooded, and further failed to pay for an invoice in the amount of One Thousand One Hundred and Twenty ($1,120.08) Dollars and eight cents pursuant to a contract for monthly janitorial services.

¶ 3.     The matter was scheduled for hearing on September 22, 2015. By letter dated September 21, 2015, the Casino Control Commission requested a continuance of the September 22 hearing. The Magistrate granted the continuance and rescheduled the hearing for November 17, 2015. By letter dated November 17, 2015, the Petitioner requested a continuance of the November 17, 2015 hearing. The Court granted the continuance and rescheduled the hearing to December 1, 2015. Subsequently, the Court continued the December 1 hearing to January 26, 2016 because the Petitioner was not served. For reasons that are not evident in the record, the Magistrate rescheduled the January 26 hearing from 9:30a.m. to 1:00p.m. In response to this change in the time of the hearing, the Petitioner requested a continuance because its representative, Ms. Ann Golden, had a previous engagement. The Magistrate granted the continuance and scheduled the hearing for February 23, 2016. The Magistrate continued the February 23, hearing because the Petitioner was not served and rescheduled the hearing for March 8, 2016. At the March 8 hearing, the Respondent requested a continuance to allow its witness to appear. The Court granted the request and scheduled the hearing for March 22, 2016.

¶ 4.     At the March 22, 2016 hearing the Petitioner failed to appear or request a continuance. The Magistrate, after taking testimony and other evidence, entered judgment in favor of the Respondent in the amount of Two Thousand Four Hundred and Thirty-Five ($2,435.08) Dollars and eight cents and costs of One Hundred ($100.00) Dollars. The Court entered its judgment by Order dated April 7, 2016.

¶ 5.     Thereafter, Petitioner filed a motion to reopen dated July 15, 2016. The Magistrate construed the motion to reopen as a motion for reconsideration or a motion to vacate the judgment entered on April 7, 2016. By order dated July 20, 2016, the Magistrate granted the motion, vacated the

judgment and scheduled the matter for hearing on September 20, 2016. At the September 20 hearing, the parties agreed to continue the matter to November 15, 2016. The Petitioner did not appear at the November 15 hearing but filed a request for continuance dated November 14, 2016. The Court denied the request for continuance and reinstated the judgment entered on April 7, 2016. Petitioner filed a Petition for Review on January 9, 2017. Respondent filed its response to the Petition for Review on January 19, 2017.

## Jurisdiction and Standard of Review

¶ 6.     The Superior Court has jurisdiction to review the orders and judgments issued by a Magistrate. *4 V.I.C. §125.* On review, the Superior Court adheres to the standards of an appellate court. *V.I. Super. Ct. R. 322.3(b).* Ordinarily, a reviewing court examines a trial court's factual findings for clear error and exercises plenary review over the trial courts application of law. *Frett v. People,* 58 V.I. 492, 503(V.I. 2013). The standard of review for this Court's examination of the Magistrate's entry of default judgment is abuse of discretion. *Martinez v. Columbian Emeralds,* 51 V.I. 174, 188 (V.I. 2009). This Court reviews the Magistrate's denial of a motion for continuance for abuse of discretion. *Gore v. Tilden,* 50 V.I. 233, 237 (V.I. 2008) (citing *Fontana v. United Bonding Ins. Co.,* 468 F. 2d. 168, 169 (3rd Cir. 1972).

## Discussion

### A. Denial of the Motion for Continuance

¶ 7.     An abuse of discretion arises only when the decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of the law to the facts. *Stevens v. People,* 55 V.I. 550, 556 (V.I. 2011). At the hearing convened on September 20, 2016, the parties agreed to a hearing date of November 15, 2016. The Petitioner filed a request for continuance of the November 15 hearing on November 14, 2016.

¶ 8.     A motion for continuance must be filed at least 5 business days prior to the scheduled hearing. If the motion is filed and served less than five business days before the hearing, it will only be considered upon a showing of exceptional circumstances. *V.I. Super. Ct. R. 10.1(d) (2013).*

¶ 9.     The Petitioner's request for a continuance of the November 15,

3

2016 hearing was filed one day before the date of the hearing. The reason given for the request was that the Petitioner's representative, Ms. Violet Ann Golden, was attending a forum in Miami. However, the representative's attendance of a forum, resulting in the Petitioner's failure to appear at the hearing, does not amount to exceptional circumstances warranting a continuance. The Petitioner, through its representative, was aware of the scheduled hearing date of November 15, as early as September 20, 2016, when the parties agreed to that hearing date. The Petitioner had ample time to file its motion for continuance in a timely manner. Moreover, based on other incidents arising during the pendency of this action, the Petitioner was well aware of the possibility of Ms. Golden's unavailability for the hearing. For instance, Petitioner failed to appear at the March 22, 2016 hearing where the Magistrate entered his judgment in favor of the Respondent. The Petitioner filed a motion to set aside that judgment stating as its reason that Ms. Golden was out of the territory at the time of the hearing, and Ms. Debra Audain, the employee who was familiar with the case, could not be reached to attend the hearing as the Petitioner's representative. The Petitioner requested a continuance of the hearing scheduled for November 17, 2015 because Ms. Golden was scheduled to appear before the Senate Finance Committee. The Petitioner requested a continuance for a hearing rescheduled from 9:30am to 1:00pm on January 26, 2016 because its representative, Ms. Golden, had a previous engagement that would conflict with the hearing at 1:00p.m. In addition, the Petitioner filed a motion for a continuance of the September 22, 2015 hearing because Ms. Golden was on jury duty. In that same motion, the Petitioner also requested that the Court not schedule the hearing on a date that would conflict with Ms. Golden's attendance at a gaming conference in Lima Peru in October 2015 and her attendance at a forum in Miami in November of 2015.

¶ 10.     It is evident that Ms. Golden would have been aware of her schedule long before November 14, 2016. Therefore, not only did the Petitioner have the opportunity to file a timely motion for continuance of the November 15, 2016 hearing, but Petitioner had sufficient time to prepare another

employee to act as the Petitioner's representative, since the potential for Ms. Golden's unavailability became obvious. This Court sees no exceptional circumstances in Ms. Golden's failure to attend the November 15, 2016 hearing to warrant consideration of the untimely filed motion for continuance. Superior Court Rule 10.1(d) expressly states that untimely filed motions for continuance will only be given consideration upon a showing of exceptional circumstances. Accordingly, the Magistrate's denial of the motion for continuance is not an improper application of the law that would constitute an abuse of discretion.

## B. Entry of Default Judgment

¶ 11.     Upon denial of the motion for continuance of the November 15, 2016 hearing, the Magistrate reinstated the previously vacated default judgment that was initially entered at the hearing on March 22, 2016. Virgin Islands law requires the court to hold an evidentiary hearing to determine the measure of damages before entering a default judgment. *King v. Appleton*, 61 V.I. 339, 347 (V.I. 2014). A Court may not rubber stamp a non-defaulting party's damages calculation but must determine the basis for the damages sought. *Appleton v. Harrigan*, 61 V.I. 262, 272 (V.I. 2014).

¶ 12.     The Petitioner did not attend the hearing on March 22, 2016, and neither requested a continuance nor informed the Court of the reasons for its failure to attend. Since the Magistrate merely reinstated the judgment at the November 15, 2016 hearing, the issue for this Court's determination is whether the Magistrate's entry of judgment after the March 22, 2016 hearing was in error. At the March 22, 2016 hearing, the Magistrate accepted testimony and other evidence and entered judgment in favor of the Respondent in the absence of the Petitioner. However, the Magistrate did not memorialize the findings of fact and conclusions of law in its written order of judgment. While this deficiency may impose limitations on review, it is not fatal to this Court's review at this time. In its role as an Appellate Court, the Superior Court may nevertheless determine the appeal without further elaboration by the trial judge if the record sufficiently informs it of the trial court's decision on the material issues in the case. *Spencer v. Navarro*, 2009

V.I. Supreme LEXIS 25. The appellate court may decide the appeal without further findings if it feels it is in a position to do so. *Defraites-Bergin v. Bd. Of Dirs. Of Burnett Towers Condo. Assoc.*, 2008 V.I. Supreme LEXIS 22

¶ 13.     Obviously, the validity of the judgment turns on the factual evidence submitted to and considered by the Magistrate. The record reflects that Respondent's invoices, checks issued by the Petitioner and paid to the Respondent were accepted into evidence in addition to the testimony of the Mr. Bernard Cuffy, Respondent's representative and Ms. Avril Luke, the custodian at the premises of the Casino Control Commission. The Magistrate is in the best position to determine credibility, weight and sufficiency of this factual evidence. The Magistrate's factual findings will not be disturbed in the absence of clear error. *St. Thomas-St. John Board of Education v. Daniel*, 49 V.I. 322, 329(V.I. 2007). The appellate court must accept the factual determination of the fact finder unless that determination is either completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data. *Hodge v. McGowan*, 50 V.I. 296, 305 (V.I. 2008). Here, the evidentiary record is sufficient to support the Magistrate's decision. There is no indication that the Magistrate entered judgment upon factual findings that are clearly erroneous.

¶ 14.     Neither the Petition for Review nor the Petitioner's argument raises issues which assign error to the Magistrate's factual findings or legal conclusions. The Petitioner's brief merely argues that Petitioner's factual evidence provided a valid defense against Respondent's claims. The role of the Superior Court in addressing a Petition for Review is not to conduct a de novo review of the parties' factual contentions, but to address the errors the parties raise in their briefs. Sitting as an Appellate Court, the Superior Court may only disturb the factual determinations of the Magistrate where there is clear error. *In the Matter of the Estate of Small*, 57 VI 416, 428 (V.I. 2012). This Court finds no clear error in the Magistrate's factual determination and the evidence on the record satisfactorily represents the damages. Moreover, because Petitioner had adequate notice of the hearing and was aware of the consequences of the failure to attend, the Magistrate did not abuse his

discretion in entering judgment at the March 22, 2016 hearing or reinstating that judgment at the November 15, 2016 hearing.

## CONCLUSION

¶ 15.     The Magistrate Court did not abuse its discretion in denying the motion for continuance or reinstating the default judgment. The judgment of the Magistrate is therefore **AFFIRMED**.

**DONE AND SO ORDERED** this ____ day of December 2020.

_____
**HONORABLE JOMO MEADE**
JUDGE OF THE SUPERIOR COURT

**A T T E S T:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
Clerk, Supervisor