



**FILED**
July 21, 2025 09:33 AM
ST-2025-RV-00005
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

IRENE EMMANUEL,                     )
                                    )
              Appellant,            )          CASE NO. ST-2025-RV-00005
                                    )
        vs.                         )          RE: CASE NO. ST-2024- CV-00176
                                    )
LEBURN SMITH,                       )          **Cite as 2025  VI Super 21**
                                    )
              Appellee.             )
_____)

## MEMORANDUM OPINION AND ORDER

¶ 1      **THIS MATTER** comes before the Court on appellant Irene Emmanuel's ("Irene"[1] or "appellant") appeal from the Magistrate Division. This appeal arises from two final orders entered in favor of appellee Leburn Smith ("Smith" or "appellee") by the Magistrate Division on June 2 and June 8, 2025.[2] Smith has filed a motion to dismiss the appeal.

## 1. BACKGROUND

¶ 2      On May 16, 2025, Ronald Bonelli ("Bonelli"), in his capacity as property manager, filed a forcible entry and detainer ("FED") action on behalf of Leburn Smith, the owner and landlord of certain premises located at No. 22 Hospital Ground, St. Thomas, U.S. Virgin Islands. Smith's signature does not appear anywhere on the complaint. The complaint alleges that Irene failed to keep the rented premises clean and in a healthy condition. It further states that there has been no running water in the apartment for over six months because Irene failed to pay the water bill. Attached to the complaint is a March 19, 2025, letter signed by Smith and addressed to Irene, demanding she vacate the apartment within thirty days. The letter mentions the lack of running water due to her unpaid WAPA water bill, her son Romelle Emmanuel's ("Romelle") harassment of Smith, and the need for her to vacate the premises because of planned renovations in the coming months. It also includes a cashier's check dated March 18, 2025, for $1,400.00 made out to Emmanuel Environmental, Inc. The cashier's check evidences Smith's return of the rental payment made by Emmanuel Environmental, Inc., on behalf of the appellant on March 17, 2025.

---

[1] The Court refers to Irene Emmanuel by her first name since she and her son have the same last name.  Her son will also be referred to by his first name.
[2] Both orders were signed by the Magistrate Judge on May 29, 2025.

¶ 3     On May 16, 2025, the Magistrate Division scheduled the FED trial for May 29, 2025, at 11:00 a.m. A summons was issued for Irene to appear, and she was personally served on May 27, 2025, at 11:20 a.m., at the apartment she rents from Smith. Smith did not personally appear at the trial held on May 29, 2025. His property manager, Bonelli, represented him at the trial. Smith's son, Leburn Smith Jr., was also present.  Bonelli and Smith's son informed the Magistrate Judge that Bonelli has a power of attorney to act on behalf of Smith and that Smith was in Fort Lauderdale and unavailable to participate in the trial. Irene did not appear. Acknowledging that Irene was served on May 27, 2025, at 11:20 a.m., the Magistrate Judge then determined that Irene had received adequate notice and proceeded with the trial by default.[3] On that same day, the Magistrate Judge ordered restitution of No. 22 Hospital Ground, Apt. 1, St. Thomas, U.S. Virgin Islands, and ordered Irene to vacate the premises by June 5, 2025. The Magistrate Judge also ordered that, if

---

[3]  A judgment may be set aside on voidness grounds for violation of the due process clause of the Fifth Amendment. *Gore v. Tilden*, 50 V.I. 233, 239 (V.I. 2008).  Due process demands "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information … and it must afford a reasonable time for those interested to make their appearance." *Id*. (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950)). Here, Irene's son claims that she is legally blind.  He argues that because his mother is legally blind and could not read the documents served on her due to her visual impairment, the judgment should be vacated. Irene was served with the complaint on May 27, 2025, just forty-eight hours before the trial.  This is insufficient notice for a person with a disability to obtain assistance in defending the claim against her. *See e.g.*, *Gore*, 50 V.I. at 237 ("service two working days prior to the date of a small claims trial is insufficient"). This Court does not find that Irene's son's communication to the Magistrate Judge was unduly delayed, considering that Irene was served only two days before the trial. Also, at no time during the trial did Smith's representatives inform the Magistrate Judge that Irene is visually impaired, which may have informed  the Magistrate Judge's decision as to the restitution period. Failing to inform the court about Irene's disability before obtaining a default judgment represents a failure to disclose a significant fact that could have served as grounds for vacating the judgment. *See New York Life Ins. Co. v. V.K.*, 184 Misc. 2d 727 (City Civ. Ct. 1999) (vacating default judgment entered in a landlord-tenant nonpayment proceeding where the landlord's failure to uphold its obligation to bring to the court's attention the tenant's possible need for a guardian ad litem); *Oneida Nat. Bank & Tr. Co. of Cent. New York v. Unczur,* 326 N.Y.S.2d 458, 461–62 (1971) (explaining that a plaintiff who has notice that a defendant in his action is under mental disability has the burden to bring that fact to the court's attention and permit the court to determine whether a guardian ad litem should be appointed to protect such defendant's interests).  Given Irene's legal blindness, inability to read the documents served on her, the short window for her to obtain assistance in defending the claims in Court, and the Bonelli's failure to notify the Court of her disability, the entry of default should have been vacated to allow Irene a fair opportunity to defend the action. The Court recognizes that FED actions are speedy and summary proceedings. However, the Magistrate Division should ensure that all parties receive adequate notice before trial so that they can obtain appropriate legal representation.  Disabled persons in the Virgin Islands may obtain legal assistance through the Disability Rights Center of the Virgin Islands, an advocacy organization for individuals with disabilities or Legal Services of the Virgin Islands, which provides free legal services to low-income and disadvantaged individuals, including those with disabilities.

she fails to do so, Smith may apply for a writ of restitution without further order of the Court ("Eviction Order").

¶ 4    Several hours after the trial ended, Irene's son, Romelle, submitted an "answer" on her behalf. The document was docketed with the Court at about 2:48 p.m. that day. In his "answer," Romelle, on behalf of his mother, explained that the real reason for the eviction was his repeated complaints to the landlord about the landlord's failure to make repairs and do so in a timely manner. Romelle states that the high water bill was caused by a leak that Smith failed to fix for over six months. He adds that his mother has lived at the rented premises for more than fifteen years and was found to be legally blind three years ago due to glaucoma. Romelle claims that the apartment is the only place Irene knows, and although navigating it may be challenging for her, it would still be easier for her than moving to a new place. Also, his mother cannot work, and he pays her rent, groceries, medical bills, and other expenses. Romelle complains that he has repeatedly told Smith that he represents Irene. However, Smith continues to serve her with letters and other documents, despite knowing that she is unable to read or respond to them promptly. Romelle argues that, as his mother's power of attorney, any documents served on her that did not go through him should be considered null and void. He requests that the eviction be "canceled" or that the court grant a "stay of eviction for 6 months."

¶ 5    In a second order signed by the Magistrate Judge on May 29, 2025, but entered on June 8, 2025, the Magistrate Judge, considering the "answer" filed by Romelle as a motion to vacate, stated that Romelle's letter was received via email after the trial at approximately 2:00 p.m. The Magistrate Judge also stated that "the hearing was scheduled for 11:00 a.m. and no response, motion to continue, or request for a Zoom hearing was filed with the Court by the Defendant or her son, Romelle Emmanuel, prior to the scheduled time of the hearing or even while the hearing was still in process" and Romelle waited "until the hearing has concluded to pen an email to the court." After summarizing the testimony and evidence presented at the trial, the Magistrate Judge found that there was no good cause to vacate the Eviction Order, denied the appellant's son's request, and reiterated that Irene has until June 5, 2025, to vacate the apartment. A writ of restitution for the premises was issued on June 12, 2025. On June 23, 2025, Romelle filed a notice of appeal of the Magistrate Judge's orders. On July 1, 2025, Smith filed a motion to dismiss the appeal.

## 2. JURISDICTION AND STANDARD OF REVIEW

¶ 6     The Appellate Division of the Superior Court has jurisdiction to review final judgments and orders issued by Magistrate Judges. Super. Ct. R. 322(a); *Prentice v. People,* 72 V.I. 105, 108 (V.I. Super. Ct. 2019) ("The Appellate Division of the Superior Court exercises intermediate appellate jurisdiction over final decisions rendered by the Magistrate Division"). When considering an appeal from the Magistrate Division, the Superior Court Judge utilizes the same appellate standards of review as the Supreme Court of the Virgin Islands. Super. Ct. R. 322(c)(4). Factual determinations are reviewed for clear error, and legal findings are afforded plenary review. *Keating-Smith v. Mustafa,* 78 V.I. 866, 883 (V.I. 2024) (appellate court exercises plenary review on questions of law while factual findings are subject to deferential clear error review on appeal). In other words, "the appellate court defers to the facts found by the magistrate court including which witnesses' testimony to credit and how much weight to give such testimony. However, "the appellate court does not defer to the law the magistrate court applied, instead, questions of law are reviewed under a plenary standard." *Prentice,* 72 V.I. at 109.

## 3. ANALYSIS

¶ 7     Smith seeks to dismiss the appeal on two grounds, each of which the Court will address in turn. First, Smith argues that Irene's son filed the appeal on her behalf; however, he is not an attorney and is not licensed to practice law in the Virgin Islands. Smith contends that Romelle engaged in the unauthorized practice of law by filing the appeal, and therefore, the appeal should be dismissed. Ironically, he makes this argument despite the fact that his property manager, Bonelli, who represented him at the FED trial in the Magistrate Division, is not an attorney and lacks a license to practice law in the Virgin Islands. Notably, Bonelli filed and executed the FED complaint on behalf of Smith.

¶ 8     Under Virgin Islands law, the unauthorized practice of law is defined as the performance of acts typically done by attorneys for another person, including appearing or acting as an attorney or representative before any court or judicial body, or preparing and filing pleadings or other legal

documents related to court proceedings. 4 V.I.C. § 443.[4] In this case, Bonelli filed a complaint, appeared in court as Smith's representative at the FED trial, presented evidence to justify the eviction, and made arguments convincing the Magistrate Judge that restitution of the rented premises is warranted. Likewise, Romelle, although unsuccessful, filed a motion to vacate the Eviction Order. He also filed an appeal of the Magistrate's orders with the Superior Court. These are the types of acts that section 443 explicitly prohibits. Section 443 prohibits a person who is not a member in good standing with the Virgin Islands bar from making an "appearance, acting as the attorney-at-law, or representative of another person, firm or corporation, before any court." Also prohibited is the "preparation and/or filing of pleadings or other legal papers incident to any action or other proceeding of any kind before" any court. 4 V.I.C. § 443(a). *In Re Campbell*, 59 V.I. 701, 724 (2013) (holding that a person not licensed to practice law in the Virgin Islands violated the prohibition on unauthorized practice of law in making an appearance before the Superior Court). The acts performed by Bonelli and Romelle in the Magistrate Division and Romelle in the appeal of the Magistrate's orders are typically acts performed by attorneys.

¶ 9    During the trial, Bonelli informed the Magistrate Judge that he has a power of attorney to act on Smith's behalf. In his post-trial letter to the Magistrate Judge, Romelle similarly advised that he has a power of attorney authorizing him to act on Irene's behalf. The Court agrees that Romelle cannot use the power of attorney to represent his mother in the FED action in the Magistrate Division or file an appeal on her behalf with the Superior Court. Likewise, Bonelli cannot use the power of attorney granted by Smith to file a complaint or to represent Smith in the FED action. Although Romelle and Smith may act as attorneys-in-fact or agents for their respective principals, they are not licensed attorneys authorized to practice law in the Virgin Islands.

---

[4] Title 4 V.I.C. § 443 defines the unauthorized practice of law as follows:

Except as otherwise provided by law or rule of the Supreme Court, and excepting court personnel acting in the performance of their court duties, the unauthorized practice of law shall be deemed to mean the doing of any act by a person who is not a member in good standing of the Virgin Islands Bar Association for another person usually done by attorneys-at-law in the course of their profession, and shall include but not be limited to:

the appearance, acting as the attorney-at-law, or representative of another person, firm or corporation, before any court, referee, department, commission, board, judicial person or body authorized or constituted by law to determine any question of law or fact or to exercise any judicial power, or the preparation and/or filing of pleadings or other legal papers incident to any action or other proceeding of any kind before or to be brought before the same.

¶ 10    The distinction between an attorney-in-fact (agent with a power of attorney) and an attorney-at-law has long been recognized. An attorney-in-fact is simply an agent authorized to conduct business on behalf of a principal, while an attorney-at-law is licensed to practice law and represent clients in court. Courts have consistently upheld this distinction, affirming that  an individual holding a power of attorney is  not authorized to act as an attorney-at-law in legal proceedings. See *Freeman v. Plumme*r, No. ST-12-CV-59, 2012 WL 12518130, at *2 (V.I. Super. Mar. 2, 2012); *Rabner v. Titelman*, No. 15-1313, 2016 WL 1613444, at *6 (W. D. Pa. Apr. 22, 2016); *Yuhasz v. WellCare Health Plans of New Jersey, Inc.*, No. CV 18-17110, 2019 WL 4200901, at *3 (D.N.J. Sept. 5, 2019). Therefore, the powers of attorney held by Romelle and Bonelli do not allow them to represent their principal *pro se* in the Virgin Islands courts. As non-lawyers, they cannot appear as legal representatives for their principals in the FED action in the Magistrate Division or an appeal in the Superior Court.

¶ 11    Individuals are prohibited from representing others in Virgin Islands courts through a power of attorney unless they are licensed attorneys admitted to practice law in the Virgin Islands. This prohibition applies to forcible entry and detainer actions, and any such representation constitutes the unauthorized practice of law.  In forcible entry and detainer cases, Virgin Islands courts have consistently held that individuals holding powers of attorney cannot represent others in court unless they are licensed attorneys. In *Freeman,* the court explicitly ruled that a power of attorney cannot be used to circumvent the requirement that only licensed attorneys may represent others in court. The court stated that the plaintiff could either appear personally, retain an attorney, or have the agent holding the power of attorney retain an attorney on their behalf. 2012 WL 12518130 at *12. Similarly, in *Fortuna Building Corp. v. Moody*, the court emphasized that non-attorneys may only represent themselves in civil actions, including forcible entry and detainer cases, and that representation by non-attorneys constitutes the unauthorized practice of law. 2015 WL 3961955, at *4 (V.I. Super. June 28, 2015). Thus, a non-attorney individual may only represent

themselves in a forcible entry and detainer action.[5] However, an attorney-in-fact may retain an attorney licensed in the Virgin Islands to represent their principal in litigation.

¶ 12    Actions initiated or conducted by individuals engaging in the unauthorized practice of law are considered legal nullities and subject to dismissal. In *Bart Enterprises, LLC v. Sapphire Bay Condominiums West*, the Supreme Court of the Virgin Islands stated that:

> Here, Najawicz, who is not licensed to practice law in the Virgin Islands, initially signed and filed the February 13, 2020 complaint on behalf of Bart, a Virgin Islands limited liability company. In his complaint, Najawicz sought to represent and affect the legal interest and rights of Bart. This conduct constitutes the unauthorized practice of law because "[t]he signing of a pleading on behalf of another person by an individual who is not a member in good standing of the Virgin Islands Bar is a textbook example of conduct that constitutes the unauthorized practice of law in the Virgin Islands." *Murphy Rigging*, 76 V.I. at 486. And importantly, "[w]hen the conduct constituting the unauthorized practice of law include[s] the filing of a brief or other document this Court has ordered that the document be rejected – in addition to any other sanctions or remedies imposed." *Id.* at 488; *see also Mitchell v. Mullgrav*, 2015 WL 6736789, at \*3 (V.I. Nov. 4, 2015) and *In re Nevins*, 60 V.I. 800, 805 (V.I. 2014). Because the cause of action in this case was indubitably initiated by a complaint filed by an individual who is not a licensed attorney in good standing as a member of the Virgin Islands Bar Association, the case is a nullity subject to dismissal.

*Bart Enters., LLC v. Sapphire Bay Condominiums West*, 78 V.I. 582, 590 (V.I. 2023). *See also Murphy Rigging & Erecting, Inc. v. V.I. Water & Power Auth.*, 76 V.I. 480 (V.I. 2022) (declaring the Superior Court proceedings a nullity, dismissing the underlying petition and vacating all orders because the petition for domestication of judgment was not filed or signed by an attorney admitted to practice law in the Virgin Islands in contravention of the prohibition on the unauthorized practice

---

[5] In *Freeman*, the Court noted that "Virgin Islands courts in the past have tolerated the practice of parties appearing through non-attorney agents with authority granted by powers of attorney." *Freeman*, 2012 WL 12518130 at \*13. Although *Freeman* was decided more than a decade ago, it appears that some Magistrate Judges continue to permit non-attorneys with powers of attorney to represent property owners in forcible entry and detainer actions. This practice may have persisted in the Magistrate Division because of the carved-out exception in small claims cases, which magistrates may have unwittingly applied to other cases in the Magistrate Division. Both small claims cases and forcible entry and detainer actions are generally tried in the Magistrate Division. Title 4 V.I.C. § 112 (d) provides that in a small claims matter, "[n]either party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations and partnerships which may appear by a personal representative." There is no similar exception in any statute or rule for forcible entry and detainer actions. Besides, the exception in Section 112(d) is limited and does not apply to parties who are individuals. It does not permit a non-attorney to represent an individual through a power of attorney. Only corporate parties, associations and partnerships may appear by a personal representative. *See Gore v. Tilden*, 50 V.I. 233, 239 (2008) (holding that the trial court did not err in refusing to allow a landlord's surrogate to present evidence on behalf of the landlord and noting that there is a "clear statutory prohibition against surrogate representation of individuals" in small claims cases).

of law). The forcible entry and detainer action filed by Bonelli on behalf of Smith and the appeal filed by Romelle on behalf of Irene must be dismissed because Virgin Islands law prohibits non-attorneys from representing others in court, and such representation constitutes the unauthorized practice of law.

¶ 13     Next, Smith argues that Irene has failed to comply with 28 V.I.C. § 788.[6] The Supreme Court has twice declared section 788 unconstitutional. In *Keating-Smith*, it held that section 788 was unconstitutional and unenforceable. *Keating-Smith*, 78 V.I. at 876.[7] Months later, the Supreme Court of the Virgin Islands reasserted its holding in *Keating-Smith* in *In re The Bourne Law Office*, 2024 VI 31, P20, 2024 V.I. Supreme LEXIS 35, *15-16, 2024 WL 4751245 (V.I. Nov. 12, 2024). Hence, even if Romelle had the authority to file the appeal, failure to comply with section 788 cannot serve as a ground for dismissing the appeal.

### 4.  CONCLUSION

¶ 14     Neither Bonelli nor Romelle is an attorney. They are not licensed to practice law in the Virgin Islands. The Court finds that both Bonelli and Romelle engaged in the unauthorized practice of law by filing pleadings or motions on behalf of others in the Magistrate Division. Additionally, Romelle engaged in the unauthorized practice of law when he filed a notice of appeal of the Magistrate's orders in the Superior Court. Their powers of attorney only permit them to act as

---

[6] Title 28 V.I.C. § 788 provides:

> If judgment is rendered against the defendant for the restitution of the real property described in the complaint or any part thereof, no appeal shall be taken by the defendant from such judgment until, in addition to any undertaking otherwise required by law upon appeal, he gives an undertaking to the adverse party, with two sureties, who shall justify in like manner as bail upon arrest, for the payment to the plaintiff of twice the rental value of the real property of which restitution is adjudged from the rendition of such judgment until final judgment in the action, if such judgment shall be affirmed upon appeal.

[7] In *Keating-Smith* the V.I. Supreme Court held that section 788 was unconstitutional and unenforceable for the following reasons:

> As the United States District Court of the Virgin Islands correctly recognized in *St. Croix Hotel Corp. v. Assoc. of St. Croix Condo. Owners*, 18 V.I. 591 (D.V.I. 1981), the Supreme Court of the United States determined that a word-for-word identical provision in Oregon's FED statute was facially unconstitutional in violation of the Due Process Clause of the Fourteenth Amendment. *See Lindsey v. Normet*, 405 U.S. 56, 74-79, 92 S. Ct. 862, 31 L. Ed. 2d 36 (1972). We agree with the District Court that there is absolutely no way to distinguish section 788 from the Oregon statute declared unconstitutional, and that therefore neither this Court nor the Superior Court are authorized to dismiss an appeal from an FED judgment simply because a defendant failed to comply with section 788. *See Webster v. People*, 60 V.I. 666, 677-78 (V.I. 2014) (holding it "plain" that an unconstitutional statute cannot be enforced) (collecting cases).

*Keating-Smith,* 78 V.I. at 877.

agents for their principals, not as their lawyers. As non-attorneys, they cannot represent Smith and Irene in an FED action in the Magistrate Division or an appeal of the Magistrate's orders in the Superior Court. Certainly, individuals can represent themselves, *pro se,* in court without an attorney, but that right does not extend to an agent acting under a power of attorney. Smith can appear personally to prosecute his forcible entry and detainer case, and Irene can appear personally to defend her claims. Alternatively, Smith and Irene may each retain an attorney to represent them, or Bonelli or Romelle may, if permitted by their power of attorney, retain attorneys to represent their principals in court. Finally, it is now well established in the Virgin Islands that section 788 is unconstitutional and cannot negate the Court's authority to decide an appeal from the Magistrate Division. Accordingly, it is hereby

**ORDERED** that the notice of appeal filed by Romelle Emmanuel on behalf of Irene Emmanuel is a **LEGAL NULLITY**; and it is further

**ORDERED** that the appeal in this matter is **DISMISSED**; and it is further

**ORDERED** that the forcible entry and detainer complaint filed by Ronald Bonelli on behalf of Leburn Smith is a **LEGAL NULLITY**; and it is further

**ORDERED** that, on remand, the Magistrate Division shall **DISMISS WITHOUT PREJUDICE** the forcible entry and detainer complaint; and it is further

**ORDERED** that the May 29, 2025, Orders of the Magistrate Judge granting restitution of the premises located at No. 22 Hospital Ground, Apt. 1, St. Thomas, U.S. Virgin Islands, and denying appellant's motion to vacate the eviction order are **VACATED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be served on all parties and their agents.

Dated: <u>July 21, 2025</u>

<u>*Carol Thomas-Jacobs*</u>
 **CAROL THOMAS-JACOBS**
 Judge of the Superior Court
 of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By: <u>*Paula Claxton*</u>
 Paula Claxton
 Court Clerk III 07 / 21 / 2025