UNITED STATES of America
v.
William H. JOYNER, Appellant.

William H. JOYNER, Appellant,
v.
Kenneth C. HARDY, Director of Lorton Reformatory, et al.

Nos. 72-1061, 72-1062.

United States Court of Appeals, District of Columbia Circuit.

Argued April 6, 1973.

Decided Sept. 18, 1973.

Patricia M. Wald, Washington, D. C., with whom Robert Golten, Julian Tepper, Washington, D. C., and W. Anthony Fitch, Williamsburg, Va. (all appointed by this court) were on the brief, for appellant.

Thomas H. Queen, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, and Barry W. Levine, Asst. U. S. Attys., were on the brief, for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

McGOWAN, Circuit Judge:

In 1967, appellant pled guilty to a charge of assault with a deadly weapon, 22 D.C.Code § 502. The District Court suspended imposition of the sentence and placed Joyner on probation for five years. Appellant was arrested in June, 1970, and charged with larceny from the mails, possession of stolen mail, and carrying a deadly weapon. As a result of these alleged violations of probation, a hearing on revocation of appellant's probation was commenced in July, but that hearing was continued pending action by the grand jury. In September, 1970, the grand jury returned an indict-

ment against appellant,[1] and in the following January appellant received a document entitled "Important Notice From Your Bondsman" advising him to appear in court on January 13, 1971. The notice did not explain the purpose of the hearing, nor did appellant personally receive any notification from the Probation Office or the court.

Appellant's appointed attorney was informed of the date and purpose of the hearing three or four days in advance, but he did not consult with the appellant until immediately before the beginning of the proceeding. Neither appellant nor counsel knew the nature of all of the alleged probation violations until the hearing, nor did either know the status of the indictment which had been returned in September.[2]

At the hearing, the probation officer, in an unsworn statement, informed the court of the alleged probation violations, but presented no evidence.[3] The charges included not only the arrest which had been the basis of the hearing in July, but also alleged a failure to report to the Probation Office as required, a failure to support his dependents, a failure to notify the Probation Office of a change of address, and the submission of false reports. Appellant had been given notice at the time of the first hearing of the charge based on his arrest, but he had never been informed of the other alleged violations. He attempted to rebut some of the charges at the hearing, but he was not prepared to present evidence on his behalf.[4]

The District Court revoked appellant's probation and imposed a two to eight year sentence. While serving this term, appellant filed a petition for a writ of habeas corpus in the District Court. After a hearing at which appellant testified, the petition was denied and this appeal followed.

At oral argument this court inquired as to the existence of any rules to govern probation revocation proceedings. It appeared that none existed at that time, but the District Court has, since this appeal was taken under submission, promulgated a rule effective August 1, 1973. Rule 2–8 of the Rules of the United States District Court for the District of Columbia.[5] In light of that development, this court need not pursue the matter of procedural requirements for revocation of probation; and we confine ourselves in this opinion to consideration of the precise circumstances under which appellant's probation was revoked.

 Although it is true that a probation revocation hearing has tradition-

---

1. The indictment charged possession of stolen mail and carrying a dangerous weapon. Appellant did not receive a copy of the indictment until March 4, 1971, and testified that he did not realize until then that he had been indicted.

2. That indictment was subsequently dismissed in March, 1971, after a successful motion to suppress evidence unlawfully seized.

3. The Probation Office had briefly described the circumstances giving rise to the charges in a memorandum to the District Judge dated December 18, 1970, requesting that probation be revoked. However, appellant did not receive a copy of that memorandum.

4. He indicated that he had in fact reported to the Probation Office although his supervising officer had not been present at the time, that he had supported his dependents except while in custody, and that the address he had given the officer was correct.

5. The new rule is comprehensive in character and provides, among other things, that the probationer at the outset of his probation "shall be provided by the probation office with a written statement and an explanation of the conditions imposed;" and that, prior to a probation revocation hearing, the probationer "shall be provided by the probation office with written notice of *all* alleged violations," (emphasis supplied) and of the right to counsel. At the probation revocation hearing itself, the probationer shall be afforded access to records regarding the alleged violation, representation by counsel, the right to subpoena and to present witnesses and documentary evidence in his own behalf, and the right to confront and cross-examine witnesses against him. The rule also provides that, before probation may be revoked, the court in contested cases shall make findings of fact, and shall find that the Government has established by a preponderance of evidence that the probationer has violated a condition of his probation.

ally been characterized as "not one of formal procedure either with respect to notice or specification of charges or a trial upon charges," a probationer is nonetheless entitled to "fair treatment."[6] That principal requires that the probationer be given advance notice of the hearing, be informed of the charges against him, and that he be given an opportunity to meet and answer the charges.[7]

In this case appellant did not receive adequate notice of the purpose of the hearing or of the charges against him, nor does it appear that this was merely a procedural deficiency since he also had no actual notice of either. Since appellant was involved in the other criminal proceeding at the time, the document received from his bondsman was of ambiguous significance and cannot be said to have warned him that his probation might be revoked. In any event, appellant was completely without notice of most of the charges against him.

Until the day of the hearing, appellant's attorney had not seen him since July. He was uninformed with respect to appellant's employment situation, domestic status, living arrangements, and the status of the September indictment; and was therefore unprepared to defend appellant with respect to any of the charges against him. At the hearing counsel did not attempt to cross-examine the probation officer, nor did he make any argument on appellant's behalf.

The revocation was based on a simple statement of all the charges made, without explanation of the circumstances out of which they arose, without presentation of evidence, and without specification by the court of which of the charges, if less than all, the court's determination to revoke probation was based upon. In the closely related context of a parole revocation, this court has indicated that the Board's evidence must be more than merely the indictment alone. Melson v. Sard, 131 U.S.App.D.C. 102, 402 F.2d 653, 655 n.9 (1968). That principle seems particularly applicable in this case where appellant was given no notice of the charges. In that situation a full statement and explanation of the charges and the evidence on which they were based would have been necessary to give appellant any meaningful opportunity to respond.

These several factors combine to render appellant's probation revocation hearing defective. Since appellant attempted to answer the charges against him, and in light of the subsequent dismissal of the indictment which had originally given rise to the request for revocation of probation, we cannot say that appellant was not prejudiced by these deficiencies in the proceeding. In a hearing conducted under the new District Court rule, the revocation of appellant's probation might be reaffirmed or he might be able to demonstrate that he should now be released or that his probation should continue. On this record the outcome of such a hearing cannot be predicted. Accordingly, we reverse the denial of appellant's petition and remand with instructions that appellant's probation be reinstated pending further proceedings to determine an appropriate disposition of his case.

It is so ordered.

MacKINNON, Circuit Judge, concurring in part and dissenting in part:

Appellant's counsel was informed of the purpose of the hearing an ample time in advance. Thus since much of the

---

6. Burns v. United States, 287 U.S. 216, 222, 53 S.Ct. 154, 77 L.Ed. 266 (1932) ; *accord,* Manning v. United States, 161 F.2d 827 (5th Cir.), cert. denied, 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374 (1947).

7. *See* American Bar Association, Project on Minimum Standards for Criminal Justice, Standards Relating to Probation, Approved

Draft § 5.4 (1970) ; *cf.* Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ; Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 243 (1963) (en banc), cert. denied sub nom. Thompson v. U. S. Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963) ; Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971) (en banc).

claimed lack of fairness and due process here is traceable in part to the failure of appellant's counsel to consult with his client until immediately before the proceedings, and since new procedural rules for probation revocations have been promulgated in the interim, I would merely order an immediate new hearing under the new rules without reinstating appellant's probation. To this extent I concur in Judge McGowan's opinion.