NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1038
_____

UNITED STATES OF AMERICA

v.

IRA LITTLEJOHN, JR.,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2:96-cr-00195)
District Judge: Honorable Alan N. Bloch

_____

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2012

_____

Before: HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Opinion Filed:  January 4, 2013)

_____

OPINION

_____


GREENAWAY, JR., *Circuit Judge*.

Ira Littlejohn, Jr. ("Littlejohn") appeals the December 23, 2011 Judgment of the

District Court revoking his term of supervised release and sentencing him to a term of

imprisonment of 21 months. For the following reasons, we will affirm the District Court's Judgment.

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

In 1997, Littlejohn pleaded guilty to one count of possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). He was sentenced to a term of imprisonment of 188 months, and was released in 2008, pursuant to retroactive changes in the United States Sentencing Guidelines (the "Guidelines").

In February 2011, while on supervised release, Littlejohn tested positive for marijuana, opiates, codeine, and morphine, in violation of the conditions of his supervised release. Additionally, in April 2011, he was arrested by the City of Pittsburgh police and charged with various drug offenses. On April 19, 2011, the probation department filed a petition for action on Littlejohn's supervised release, based on the positive drug test and the arrest for a controlled substance offense.[1]

On December 22, 2011, the District Court held a hearing on Littlejohn's violations of supervised release. Because the state drug charges against Littlejohn had

---

[1] The petition indicated two violations of supervised release. The first violation, related to the arrest, charged Littlejohn with violating the conditions of his supervised release that prohibited him from committing another federal, state, or local crime, and from illegally possessing a controlled substance. The second violation, related to the positive drug test, charged Littlejohn with violating the condition of his supervised release that prohibited him from unlawfully using a controlled substance.

2

been withdrawn and Littlejohn had pleaded guilty to two counts of disorderly conduct, the District Court amended the first charge in the petition to allege that Littlejohn violated the conditions of his release by committing the state offense of disorderly conduct. Littlejohn admitted to both violations — that he had committed the state crime of disorderly conduct and that he had used a controlled substance.

The District Court then determined that because of the positive drug test, Littlejohn had also violated the condition of his release providing that he not illegally *possess* a controlled substance, as well as the condition providing that he not unlawfully *use* a controlled substance. The Court noted that the offense of simple possession would constitute a violation of 21 U.S.C. § 844, and that because of Littlejohn's prior drug convictions, his conduct would be punishable by a term of imprisonment exceeding one year. The District Court thus determined that this offense constituted a Grade B violation of supervised release, under U.S.S.G. § 7B1.1(a)(2).[2] The Court further reasoned that it was required to revoke Littlejohn's supervised release under U.S.S.G. § 7B1.3(a)(1) and 18 U.S.C. § 3583(g), and determined that the applicable Guidelines range was 21 to 27 months.

---

[2] Under U.S.S.G. § 7B1.1, there are three grades of supervised release violations. Relevant to our discussion, a Grade B violation occurs when the defendant engages in conduct that constitutes a federal, state, or local offense punishable by a term of imprisonment exceeding one year, and a Grade C violation occurs when a defendant engages in conduct that constitutes a federal, state, or local offense punishable by a term of imprisonment of less than one year, or otherwise violates a condition of supervised release. U.S.S.G. § 7B1.1(a). Where there are multiple violations of supervised release, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b).

Littlejohn's attorney protested that the Government's violations worksheet had calculated Littlejohn's violations — for committing the state offense of disorderly conduct and using a controlled substance — as Grade C violations, carrying a Guidelines range of 8 to 14 months. The Government admitted that it had calculated the violations as Grade C, but that it had not considered "the fact that [Littlejohn's] use of the opiates and the marijuana constituted possession for purposes of elevating it to a Grade B." (App. 18a.) The Court responded that the Government's original calculation of the controlled substance offense as a Grade C violation was not correct, and that "it [was] a Grade B violation." (*Id.*) The District Court imposed a sentence of 21 months. Littlejohn filed a timely notice of appeal.

## II. JURISDICTION

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583. We have jurisdiction under 28 U.S.C. § 1291.

## III. ANALYSIS

Littlejohn presents two issues on appeal. He first argues that he was denied due process at his revocation hearing because he was not given notice that his positive drug test could be considered evidence of drug possession, and could thus qualify as a Grade B violation of supervised release. Second, he challenges the sentence imposed by the District Court as procedurally and substantively unreasonable, and also argues that the offense of simple possession of marijuana should not have been considered to give rise to a term of imprisonment exceeding one year because the Government never filed an information pursuant to 21 U.S.C. § 851.

4

## A.     Due Process Claim

We normally review de novo a claim of denial of due process at a revocation hearing. *See United States v. Barnhart*, 980 F.2d 219, 222 (3d Cir. 1992). However, because Littlejohn did not raise his due process argument before the District Court, we review his claim for plain error. *See United States v. Plotts*, 359 F.3d 247, 248-49 (3d Cir. 2004) ("As [appellant] failed to preserve his objections at the revocation hearing, we review the decision of the District Court for plain error.").

At Littlejohn's revocation hearing, counsel for Littlejohn objected to the District Court's classification of Littlejohn's offense as a Grade B violation, but he did not argue that the District Court's determination violated Littlejohn's due process rights. The Supreme Court has explained that under Federal Rule of Criminal Procedure 51(b), in order to preserve claims of error, parties are required to "'inform[] the court — when the court ruling or order is made or sought — of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting Fed. R. Crim. P. 51(b)).

Here, counsel for Littlejohn did not specify the grounds for his objection to the District Court's classification of Littlejohn's violation of supervised release as a Grade B violation. Littlejohn's contention that the District Court wrongly classified the violation is not the equivalent of raising a claim before the District Court that such a classification violated his right to notice. The District Court's determination is therefore reviewed for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

5

Under the plain error standard, "'before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (en banc) (alterations in original) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)); *see also Olano*, 507 U.S. at 732-36. A "deviation from a legal rule is an error," and that error is "plain" when it is "clear or obvious." *Plotts*, 359 F.3d at 249 (internal quotation marks and alteration omitted). As we discuss below, because the District Court committed no plain error, we hold that Littlejohn's due process rights were not violated.

Although revocation of supervised release, like "revocation of probation . . . [and] revocation of parole, is not a stage of a criminal prosecution, it 'does result in a loss of liberty,' and is subject, therefore, to 'minimum requirements of due process.'" *Barhnart*, 980 F.2d at 222 (citation omitted) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). At issue here is the due process requirement that before revocation of supervised release, an individual must be provided with written notice of the alleged violation. *See* Fed. R. Crim. P. 32.1(b)(2) (requiring that a defendant at a revocation hearing be given written notice of the alleged violation of supervised release). However, a defendant in a supervised release hearing is not entitled to "the full panoply of rights" due a defendant in a criminal proceeding. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). The notice requirement serves to ensure that the defendant understands the

nature of the alleged violation and can thus prepare a defense. *See United States v. Sistrunk*, 612 F.3d 988, 992 (8th Cir. 2010) ("For notice to be effective, it need only assure that the defendant understands the nature of the alleged violation."); *United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004) ("The notice must be sufficient to allow the releasee to prepare to defend against the charges.").

Littlejohn argues that his due process rights were violated because he had no notice that his positive drug test could be considered evidence of drug possession by the District Court. He claims that the petition on supervised release only charged him with "unlawful use" of a controlled substance related to his February 23, 2011 positive drug test, and that therefore, the District Court's "sua sponte" determination that his conduct constituted unlawful possession violated the requirement that he be given written notice of the claimed violations. (Supp. Br. for Appellant 7.) He further claims that he stipulated to the violation of supervised release with the understanding that the positive drug test constituted a Grade C violation, and that he would have contested the violation had he been given notice that his positive drug test would be considered evidence of possession, a Grade B violation.

Littlejohn's claim lacks merit because, under our precedent, a District Court may treat a positive drug test as circumstantial evidence of drug possession, *United States v. Blackston*, 940 F.2d 877, 891 (3d Cir. 1991), and Littlejohn was therefore on notice that his positive drug test could be construed as evidence of drug possession, *United States v. Gordon*, 961 F.2d 426, 429-30 (3d Cir. 1992). In *Blackston*, we held that where an individual violates supervised release by *using* a controlled substance, the district court

7

may treat that use as circumstantial evidence that the individual also *possessed* the controlled substance, and thereby impose a more severe penalty for the violation. 940 F.2d at 891-92; *see also United States v. Bungar*, 478 F.3d 540, 544 (3d Cir. 2007) ("There is no dispute that Bungar used cocaine in violation of a condition of his supervised release, and that his testing positive for cocaine use constituted circumstantial evidence of simple possession, a grade B violation." (citing *Blackston*, 940 F.2d at 892)).

*Blackston* did not address whether the appellant was given sufficient notice that his use of the controlled substance could qualify as possession, and instead focused only on whether the court could treat use as evidence of possession for purposes of 18 U.S.C. § 3583(g).[3] However, in *United States v. Gordon*, we held that a defendant received adequate notice under Rule 32.1 where the probation violation petition did not formally charge her with use or possession of a controlled substance, but the district court nevertheless relied on two positive drug tests to determine that she had possessed a controlled substance in violation of her probation. 961 F.3d at 429-30. We reasoned that the defendant "had adequate pre-hearing notice that her drug possession would be considered by the district court" because the petition "cited the two positive urine specimens which she submitted." *Id.* at 429. Therefore, "[f]rom this written petition, [the defendant] should have anticipated that she would be questioned about her drug

---

[3] The version of § 3583(g) in effect at that time provided that if the district court found that a defendant possessed a controlled substance, his supervised release was to be revoked and he was to be sentenced to a prison term not less than one-third of the term of supervised release. Section 3583(g) has since been amended, and no longer specifies a minimum prison term, but still mandates the revocation of supervised release if the defendant possesses a controlled substance. Therefore, the analysis in *Blackston* is still applicable to the amended § 3583(g). *See also* 18 U.S.C. § 3565(b).

possession at the probation violation hearing." *Id.*; *see also Bungar*, 478 F.3d at 542 (noting that the petition on supervised release only charged defendant with use of a controlled substance, a Grade C violation, but that the district court instead determined that defendant had possessed a controlled substance, a Grade B violation).

Here, Littlejohn's petition on supervised release indicated that his positive drug test violated the condition of his supervised release which mandated that he refrain from using a controlled substance.[4] It was not error for the District Court to treat the positive drug test as circumstantial evidence of possession, and under our precedent, the petition gave Littlejohn sufficient notice of the alleged violation to comply with the notice provisions of Rule 32.1.

## B.     Reasonableness of Sentence

Littlejohn next contends that the District Court's imposition of a 21 month sentence for his violation of supervised release was unreasonable. We review the District Court's sentencing decision for abuse of discretion, and must give deference to the court's factual determinations. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review for both procedural and substantive reasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Our review "'begins by ensur[ing] that the district court committed no significant procedural error, such as [(1)] failing to calculate (or improperly calculating) the U.S. Sentencing Guidelines range, [(2)] treating the Guidelines as mandatory, [(3)] failing to consider the [18 U.S.C.] § 3553(a) factors, or

---

[4] The petition also charged Littlejohn with violating the condition of his supervised release that he "not illegally possess a controlled substance," in relation to the state drug charges, which were subsequently withdrawn. (App. 12a.)

[(4)] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.'" *Id.* (first alteration in original) (quoting *Gall*, 552 U.S. at 51). If a sentencing court's procedure "passes muster," then at stage two, we will review the sentence for substantive reasonableness. *Id.* "Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances." *Id.* The burden of demonstrating unreasonableness is borne by the party challenging the sentence, and "if the district court's sentence is procedurally sound, will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568; *see also Bungar*, 478 F.3d at 543 ("We may not substitute our judgment for the sentencing court's, but will affirm if we are convinced that 'the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors' in light of the circumstances of the case." (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006))).

When a sentence is imposed for a violation of supervised release, additional considerations must be taken into account. Under 18 U.S.C. § 3583(e)(3), a district court, after considering the § 3553(a) factors, may revoke a term of supervised release and sentence a defendant to a term of imprisonment if the court finds, by a preponderance of the evidence, that the defendant violated the terms of supervised release. *Bungar*, 478 F.3d at 543-44. The sentence is imposed "primarily to sanction the defendant's breach of trust [but should] . . . 'tak[e] into account, to a limited degree, the seriousness of the

10

underlying violation and the criminal history of the violator.'" *Id.* at 544 (quoting *United States v. Dees,* 467 F.3d 847, 853 (3d Cir. 2006)).  The district court must also consider the policy statements under Chapter 7 of the Guidelines, although the sentencing ranges set forth in U.S.S.G. § 7B1.4(a) are merely advisory.  *Id.*; *see also* 18 U.S.C. § 3553(a)(5).

### 1.    *Procedural Reasonableness*

There is no dispute that Littlejohn tested positive for controlled substances in violation of his supervised release conditions, "and that his testing positive for [drug] use constituted circumstantial evidence of simple possession." *Bungar*, 478 F.3d at 544 (citing *Blackston*, 940 F.2d at 892).  However, Littlejohn argues that his sentence is procedurally unreasonable because the District Court erred in considering his violation of supervised release a Grade B violation, thereby incorrectly calculating the applicable Guidelines range.  For a violation of supervised release to constitute a Grade B violation, the conduct must constitute a federal, state, or local offense punishable by a term of imprisonment exceeding one year.  U.S.S.G. § 7B1.1(a)(2).

Under 21 U.S.C. § 844, possession of a controlled substance is punishable by a term of imprisonment exceeding one year only if the defendant has previously been convicted of a drug offense.  Although Littlejohn was previously convicted of possession with intent to distribute over 50 grams of crack cocaine, he argues that he could not have been sentenced to a term of imprisonment exceeding one year for the current violation

11

because the Government had not filed an information with the Court pursuant to 21 U.S.C. § 851.[5] Littlejohn's reliance on § 851 is misplaced and his argument lacks merit.

Under 21 U.S.C. § 851, before a person "convicted of an offense" under that chapter may be subjected to an increased punishment for one or more prior convictions, the government, before trial or before the entry of a guilty plea, must file an information with the court stating in writing the previous convictions to be relied upon. Section 851, by its own terms, applies to the government's effort to secure a conviction, not to the district court's determination of whether conduct constitutes a violation of supervised release. Furthermore, in the supervised release context, the grade of the violation is determined based on the actual conduct of the defendant, irrespective of how and whether the government chooses to prosecute that conduct. *See* U.S.S.G. § 7B1.1 cmt. n.1 ("The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct."). Therefore, the relevant inquiry is whether the crime is punishable by a term of imprisonment exceeding one year, *see* U.S.S.G. § 7B1.1(a)(2), not whether the government actually charges the defendant with a crime and seeks the enhanced sentence based on previous criminal conduct.

---

[5] Because Littlejohn did not raise this specific objection before the District Court, the Government contends that his claim is subject to plain error review. However, regardless of which standard of review applies — plain error or abuse of discretion — his claim fails.

Moreover, Littlejohn does not cite any authority for his contention that the government must file an information under § 851 before a district court, in a revocation proceeding, can consider a subsequent drug offense under § 844 to be punishable by a term of imprisonment exceeding one year. In fact, the weight of authority suggests that the District Court did not abuse its discretion by deeming Littlejohn to have committed a Grade B violation. *See Bungar*, 478 F.3d at 542 (affirming reasonableness of sentence where the district court relied on § 844 to find that simple possession of a controlled substance constituted a Grade B violation of supervised release); *see also United States v. Cates*, 613 F.3d 856, 859 (8th Cir. 2010) (determining that a defendant's prior drug convictions made his drug possession offense a Grade B violation of supervised release under § 844).

Littlejohn's remaining arguments regarding the procedural unreasonableness of his sentence are equally unavailing.[6] A review of the sentencing transcript demonstrates that the District Court calculated the Guidelines range and considered the § 3553(a) factors in determining the appropriate sentence. Accordingly, the District Court committed no procedural error and, "absent any significant procedural error, we must 'give due

---

[6] Littlejohn argues that the District Court is not required to revoke supervised release every time a defendant tests positive for drug use. Although the District Court is not *required* to revoke supervised release after a defendant tests positive for drug use, *see Blackston*, 940 F.2d at 885-86, our precedent establishes that it may, *see id.* at 891-92. The District Court therefore did not abuse its discretion by treating Littlejohn's positive drug test as circumstantial evidence of drug possession. Littlejohn also argues that his sentence is procedurally unreasonable because of the claimed violation of his due process rights. However, because we have determined that Littlejohn's right to notice under Rule 32.1 was not violated, he cannot argue that his sentence is procedurally unreasonable on this ground.

deference to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence." *Tomko*, 562 F.3d at 568 (quoting *Gall*, 552 U.S. at 51).

### 2. *Substantive Reasonableness*

Littlejohn also argues that his sentence of 21 months for a positive drug test is substantively unreasonable. In support of this contention, Littlejohn points to a lone Sixth Circuit case where a defendant received a more lenient sentence after failing nine urine tests. *See United States v. Lester*, 76 F.3d 380 (6th Cir. 1996). Littlejohn has failed to meet his burden of demonstrating that the sentence is substantively unreasonable. Even if we were to conclude "that a different sentence was appropriate," such a determination "is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Because the sentence is procedurally sound, "we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Littlejohn's sentence, therefore, is substantively reasonable.

## IV.   CONCLUSION

For the foregoing reasons, we will affirm the District Court's Judgment.