IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

March 04, 2026 04:06 PM
SCT-Crim-2024-0035
**DALILA E. PATTON, ESQUIRE**
**CLERK OF THE COURT**

For Publication

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **DALIQUA MOSES,** | ) **S. Ct. Crim. No. 2024-0035** |
| Appellant/Defendant, | ) Re: Super. Ct. Crim. No. 252/2022 (STT) |
| | ) |
| v. | ) |
| | ) |
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) |
| Appellee/Plaintiff. | ) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas-St. John
Superior Court Judge: Hon. Sigrid M. Tejo

Argued: December 9, 2025
Filed: March 4th, 2026

Cite as: 2026 VI 2

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **HAROLD W.L. WILLOCKS**, Associate Justice.

APPEARANCES:

**Stephen H. Franko IV, Esq.**
Appellate Territorial Public Defender
St. Thomas, U.S.V.I.
*Attorney for Appellant,*

**Daniel Morris, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.
*Attorney for Appellee,*

## OPINION OF THE COURT

**CABRET, Associate Justice.**

¶ 1 Appellant, Daliqua Moses ("Moses"), appeals from the Superior Court's order finding her in contempt of court, revoking her probation, and sentencing her to the remainder of her suspended sentence. For the reasons that follow, we reverse the decision of the Superior Court.

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 2 of 18

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶ 2     This appeal stems from an order of the Superior Court revoking Moses' probation. On February 26, 2024, the Superior Court entered an order titled "third amended judgment," which sentenced Moses to a term of three years imprisonment with three years suspended, and placed her on supervised probation for a term of three years following a no contest plea to one count of grand larceny. The third amended judgment also set the terms and conditions of Moses' probation. Among these conditions was a direction that Moses enroll in and complete an anger management course at the Family Resource Center, and that she not violate any laws of the Virgin Islands or the United States. Several weeks after the Superior Court entered the third amended judgment, on April 15, 2024, Bonnie Roy, a therapist and facilitator for the anger management course at the Family Resource Center, sent a letter to Moses' probation officer regarding Moses' conduct at the course. Roy described an incident that occurred between Moses and another attendee, during which Moses made "threats compromising the group member's safety" and "moved across the room into the [member's] personal space," which necessitated intervention by Roy and the other group facilitator. After the facilitators had moved to separate the two women and brought the other group member to the top of a nearby staircase, Moses "became rageful and was able to bypass the efforts of one of the cofacilitators to keep her away from the other group member," "pushing the other cofacilitator to the side" in the process. As a result of these events, the other group member "was traumatized and required intervention. At the close of the session, she requested that a facilitator drive her to her car, as she feared retaliation." (J.A. 43). Because of this incident, Roy informed Moses' probation officer that Moses would not be welcome back at the Family Resource Center, citing safety concerns for the group members and facilitators. Both facilitators signed this letter.

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 3 of 18

¶ 3     The following day, Moses' probation officer transmitted a copy of the letter to the Superior Court attached to a "status update" which read: "Please see the attached letter concerning the defendant['s conduct,] which occurred on April 13, 2024. Should Your Honor require any additional information concerning this defendant, I am available and willing to respond to all inquiries." (J.A. 44–46). The following day, April 17, 2024, the Superior Court issued an order directing Moses to appear on April 22, 2024, "to determine whether her probation should be revoked and why she should not be punished for contempt, failing which the court will issue a warrant for her arrest." (J.A. 47). The Superior Court further noted that "[i]f the allegations of the status update are true, it would appear to constitute a violation of the conditions of her probation which the Court is empowered to punish pursuant to 14 V.I.C. 581, in that Defendant has breached the conditions of her probation and failed to obey a lawful Order of the Court." (J.A. 47). Attached to the order was a copy of Roy's letter. The order was served on Moses, her counsel of record, and the Office of Probation. A hearing was held on April 22, 2024 and was continued to April 23, 2024 to allow Roy to testify in person following an objection by Moses' attorney. Moses' attorney also objected to the procedure employed by the Superior Court, arguing that the proper vehicle for a probation revocation hearing was for the People to move pursuant to Rule 32.1 of the Virgin Islands Rules of Criminal Procedure.[1] When the hearing was convened, and the Superior Court received the testimony of Roy, Moses' probation officer, and Moses herself. Moses' attorney cross examined both Roy and Moses' probation officer. Roy testified that Moses would not be welcome back to the Family Resource Center. During Roy's testimony, Moses' attorney attempted to

---

[1] *See* V.I.R. CRIM. P. 32.1(2)(C) ("If either the attorney for the defendant or the prosecution seeks any modification of the conditions of a defendant's release, the party making the motion must first confer with the opposing party or give reasons for not so conferring. The motion must indicate whether the opposing party has any objection. Before modifying the conditions of probation, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.").

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 4 of 18

examine Roy about the other group member with whom Moses had had the altercation, and attempted to enter that member's name on the record. The Superior Court allowed testimony about the woman but did not allow her name to be disclosed, leading the parties to refer to her as "patient 2" or "client 2." Moses' probation officer testified that she was uncertain whether any alternative anger management courses would be available, that she had not discussed any alternatives with Moses, and that she was not comfortable sending Moses to an alternative provider at that time based on Moses' conduct.

¶ 4        Following this testimony, the Superior Court found that Moses had committed a simple assault against the other group member, in violation of the terms and conditions of her probation. The Superior Court further found that Moses could not comply with the condition directing her to complete an anger management course at the Family Resource Center, and that the availability of alternatives was uncertain and, in any case, no alternatives had been presented to it. As a result, at the conclusion of the hearing the Superior Court ordered Moses' probation revoked and imposed the suspended portion of the sentence, with credit for time served. The Superior Court later summarized the testimony and memorialized its findings in an order dated April 24, 2024. Moses timely filed a notice of appeal.

## II.    DISCUSSION

### A.  Jurisdiction and Standard of Review

¶ 5        This Court has "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). As a general rule, judgments of conviction in criminal cases constitute final judgments for the purposes of section 32(a). *Rohn v. People*, 57 V.I. 637, 642 (2012).

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page **5** of **18**

¶ 6    This court exercises plenary review over Constitutional questions of law. *Carty v. People*, 56 V.I. 345, 354 (2012). And, to the extent this appeal involves the Superior Court's application of legal principles, our review is plenary. *Jackson-Flavius v. People*, 57 V.I. 716, 730 (V.I. 2012).[2] This Court reviews contempt decisions by the trial court "only for abuse of discretion." *Streibich v. Kaplanek*, 2025 V.I. 13 at *10 (citing *In re Sheesley*, 70 V.I. 1007, 1017 (V.I. 2019)). Our review of the Superior Court's decision to revoke probation is also for abuse of discretion. *Jackson-Flavius*, 57 V.I. at 721. We review findings of fact for clear error. *In re Meade*, 63 V.I. 681, 684 (2015). Under this standard, we will accept the Superior Court's findings of fact unless they are "either (1) [] completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bear[] no rational relationship to the supportive evidentiary data." *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (2007).

## B. Due Process in the Contempt/Revocation Proceeding

¶ 7    Moses contends that the Superior Court denied her due process by failing to (1) provide adequate notice of the hearing; (2) provide notice of the alleged probation violation; and (3) specify which condition of probation Moses was alleged to have violated, in contravention of the Fifth and Fourteenth Amendments to the United States Constitution, applied through section 3 of the Revised Organic Act,[3] as well as Rule 32.1[4] of the Virgin Islands Rules of Criminal Procedure. We find that Moses was denied due process because the Superior Court's order failed to (1)

---

[2] "[T]he trial court has discretion when implementing both the period of probation and the conditions of probation." *See also Gov't of the V.I. v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001) ("[I]nsofar as the appeal involves the revocation of probation we review the district court's order on an abuse of discretion basis.").
[3] 48 U.S.C. § 1561.

[4] *See* V.I.R. CRIM. P. 32.1(2)(A) ("Unless waived by the person, the court must hold the revocation hearing within a reasonable time. The person is entitled to: (A) written notice of the alleged violation.").

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page **6** of **18**

identify the type of hearing being conducted, (2) specify the alleged violations that formed the basis for the hearing, and (3) afford sufficient time to prepare a defense.

### i.    Insufficient Notice of the Type of Hearing

¶ 8    Moses contends that the notice she received in the form of the April 17, 2024 order to show cause was inadequate to allow her to prepare for the hearing, because the Superior Court failed to inform her of the type of hearing it was conducting—criminal contempt or probation revocation. We agree.

¶ 9    The United States Supreme Court has outlined the minimum requirements for due process in probation revocation proceedings. In *Morrissey v. Brewer*, the Supreme Court found that due process in parole revocation proceedings requires:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

408 U.S. 471, 489 (1972). The Supreme Court later incorporated and applied these minimum requirements for parole revocation proceedings to probation revocation proceedings, noting that "[p]robation revocation, like parole revocation, is not a stage of a criminal prosecution, but does result in a loss of liberty. Accordingly, [] a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey*." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Accordingly, all of the aforementioned due process requirements for parole revocation proceedings apply to probation revocation proceedings.

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page **7** of **18**

¶ 10    In the Virgin Islands, the Virgin Islands Rules of Criminal Procedure Rule 32.1 also sets out requirements for conducting a parole revocation hearing. These requirements include:

(A) written notice of the alleged violation;

(B) disclosure of the evidence against the person;

(C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;

(D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and

(E) an opportunity to make a statement and present any information in mitigation.

V.I. R. CRIM. P. 32.1(b)(2)(A)–(E). In substantial part, Rule 32.1 incorporates *Gagnon*'s minimum due process requirements, and adds certain protections above and beyond those minimum protections guaranteed by *Morrissey* and *Gagnon*—such as a substantive right to counsel as well as a procedural right to notice of that right to counsel.

¶ 11    The requirement of notice serves to "apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" *Gore v. Tilden*, 50 V.I. 233 (V.I. 2008) (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978)). "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded." *In re Gault*, 387 U.S. 1, 33 (1967). "The notice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance." *Gore*, 50 V.I. at 239 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

¶ 12    In the case at bar, Moses was not provided with notice that apprised her of the hearing or that would have allowed her to adequately prepare for it. In its order, the Superior Court provided

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page **8** of **18**

contradictory information as to whether the hearing would be for criminal contempt or probation

revocation. The order to show cause stated that

> If the allegations of the status update are true, it would appear to constitute a violation of the conditions of her probation which the Court is empowered to punish pursuant to 14 V.I.C. 581, in that Defendant has breached the conditions of her probation and failed to obey a lawful Order of the Court.

(J.A. 47). The Superior Court cited to the summary contempt statute, 14 V.I.C. 581, as a basis for

its authority to "punish" Moses for alleged noncompliance with her conditions of probation. The

Superior Court then stated that it

> [d]etermine[d] that it is appropriate to conduct a hearing to determine whether Defendant has violated the terms of her probation and whether Defendant's probation should be revoked.

(J.A. 47). The Superior Court's order thus purported to announce a hearing to serve the dual

purposes of punishment of criminal contempt and revocation of probation. This discrepancy is

material in several respects. First, while the purpose of criminal contempt is to punish willful

disobedience of a court order, *see, e.g., Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 442–

43 (1911), the purpose of probation revocation is not to punish but rather to determine whether

probation continues to be a viable rehabilitation strategy. *See City of Cleveland v. Bright,* 162

N.E.3d 153, 171 (Ohio Ct. App. 2020) ("The primary purpose of criminal contempt is to

'punish the contemnor' and 'to vindicate the court.' The focus of probation is rehabilitation as

opposed to punishment.") (citation omitted); *People v. Manila,* 2005 Guam 6, ¶ 14

("[T]he purpose of a revocation hearing is to determine whether the defendant is a good risk for

continued probation and not to punish him for a new criminal offense."). Second, although the

order to show cause would seem to provide Moses with notice that the hearing would serve such

a dual purpose, the order did not comport with required process or provide proper notice for either

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page **9** of **18**

a probation revocation hearing—under Rule 32.1—or a criminal contempt hearing—under Rule 42. Rule 32.1 requires written notice of the alleged probation violation, as well as requiring the government to bring a probation revocation petition after conferring with the probationer or their counsel.[5] V.I.R. CRIM. P. 32.1(b)(2)(A), (c). It is undisputed that the order to show cause did not comply with the notice and procedural requirements of Rule 32.1, with the Superior Court itself stating that "Rule 32.1 d[id] not apply" to the hearing. (J.A. 54). Rule 32.1, however, provides the procedure for a probationer's probation to be revoked, and Virgin Islands law does not recognize, outside of limited circumstances, any other procedure for revocation of probation.[6] Therefore, the unusual posture of the hearing as a contempt proceeding at which revocation of probation was threatened as a punishment inhibited Moses' ability to adequately prepare a defense, as she could not be sure exactly what sort of hearing was to be conducted. The confusion caused by the Superior Court's order manifested itself at the hearing several times, where both the prosecution and Moses' counsel were under the impression that the proceeding was actually a revocation hearing under Rule 32.1, while the Superior Court maintained that it was conducting a contempt hearing. The prosecution stated:

> It is the People's position that – and the rules state that this particular hearing, actually a revocation hearing, does allow for Ms. Roy to appear. It didn't say she needs to be in person, as long as she's available to the defendant for cross-examination.

(J.A. 58), to which the Superior Court replied:

---

[5] This requirement is implicated where, as here, the probationer has not been arrested and/or convicted of a crime of violence. *See* 5 V.I.C. §§ 3711(b), 3720.

[6] 5 V.I.C. § 3711(b), for instance, *mandates* revocation if a probationer is convicted of a crime of violence. In all other cases, the procedure set out by Rule 32.1 controls revocation of probation, including when the probationer is brought before the court following an arrest under 5 V.I.C. § 3720.

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 10 of 18

> I understand, Attorney White, but this is a – and you can't have it both ways: It is either a revocation hearing or a Court's show cause hearing. And . . . the Court has already found it's a contempt hearing, so it's a show cause hearing set by the Court.

(J.A. 58–59). Moses' counsel then noted that "what the prosecution is requesting in open court is three years in prison. That is a probation revocation. I mean, if it walks like a duck, quacks like a duck, it is a duck." (J.A. 125). Nevertheless, the Superior Court maintained its position throughout the proceedings, stating:

> It is either a revocation hearing or a Court's show cause hearing. And as the Court has already found it's a contempt hearing, so it's a show cause hearing set by the Court.

(J.A. 59). The Superior Court also stated that it "is empowered to impose a sentence appropriate if it finds that there's a contempt of court." (J.A. 125). However, following the hearing, on April 23, 2024, the Superior Court issued an order which found Moses in contempt of court, and ordered her probation revoked and the suspended portion of her sentence reinstated, with credit for time served. If the hearing was one for contempt, then revocation of probation was not a proper sentence due to the distinct purposes of contempt and probation revocation, as we have discussed.[7] Further,

---

[7] We must further note that there is no statute or case law which supports the notion that the Superior Court may *sua sponte* revoke probation, or that it may revoke probation using its contempt powers. Many states have imposed prohibitions against this sort of *sua sponte* revocation, for reasons ranging from separation of powers, to due process, to maintaining public confidence in the impartiality of judges. *See, e.g., People v. Karwacki*, 528 P.3d 198, 203 (Colo. Ct. App. 2023); *State v. Griffin*, 526 P.3d 923, 925 (Ariz. Ct. App. 2023); *In re J.K.*, 594 N.E.2d 433, 437 (Ill. Ct. App. 1992); *Alfred v. State*, 758 P.2d 130 (Alaska Ct. App. 1988); *In re B.C.*, 311 S.E.2d 857, 858 (Ga. Ct. App. 1983). Moreover, the Virgin Islands Rules of Criminal Procedure and applicable statutes on probation revocation do not appear to countenance *sua sponte* revocation. One statute, 5 V.I.C. § 3711(b), requires the court to revoke probation after a conviction for a crime of violence while on probation. Another, 5 V.I.C. § 3720, allows the probation officer to arrest without a warrant or the court to issue an arrest warrant if it finds that the probationer violated their conditions of probation. After their arrest, the probationer is to be brought before the court, where the protections of Rule 32.1 attach. *See* V.I.R. CRIM. P. 32.1(a), (b). The final means provided for revoking probation is for the government to bring a petition after conferring with the probationer's attorney. *See* V.I.R. CRIM. P. 32.1(c). Accordingly, the means provided to revoke probation are (1) mandatory after conviction of a crime of violence, (2) permissive upon the arrest of the probationer by either the probation officer or the court's issuance of a warrant, or (3) permissive upon a petition brought by the government. The restriction of revocation to these means implies, by the principle of *expressio unis est exclusio alterius*, that the legislature did not intend for the court to possess the power to *sua sponte* revoke probation. Here, no petition was brought by the government under Rule 32.1(c), and Moses was never arrested nor convicted of a crime of violence, thus rendering revocation under 5 V.I.C. §§ 3711(b) or 3720

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 11 of 18

if the hearing was truly for contempt, then the Superior Court's imposition of the balance of Moses' sentence was improper, as sentences of imprisonment for contempt which last longer than six months *require* a jury trial. *Baldwin v. New York*, 399 U.S. 66, 69 (1970).

¶ 13    *Morrissey* makes clear that due process requires a probationer to—at a minimum—be given notice of the nature of the proceedings and the opportunity to prepare a defense. The balance of the circumstances surrounding the order in this case shows that neither Moses nor the prosecution understood whether the hearing was one for contempt, probation revocation, or both. This confusion was prejudicial, as it undermined Moses' ability to adequately prepare a defense, given that she was uncertain what she would be defending against and in what sort of proceeding. The differences between contempt and probation revocation proceedings are not merely in name or purpose—they bear different standards of proof.[8] *See, e.g.*, *Gompers*, 221 U.S. at 444. Accordingly, by failing to specify what type of hearing it was conducting, the Superior Court's order deprived Moses of her due process right to notice of the nature of the proceedings against her.

### ii.    Uncertainty as to the Charges

¶ 14    Moses also contends that the Superior Court failed to provide her with notice of the specific conduct that constituted grounds for holding her in criminal contempt or revoking her probation. We agree.

¶ 15    In addition to notice of the nature of the proceedings, an individual also has a due process right to notice of the charges against them. *See Morrissey*, 408 U.S. at 489. In criminal contempt

---

impermissible. Accordingly, it does not appear that the Superior Court possessed the authority to either revoke Moses' probation based on a finding of criminal contempt or to revoke her probation absent a petition by the government or Moses' arrest.

[8] If the contempt was criminal, then Moses' conduct must have been proven beyond a reasonable doubt. *See Gompers*, 221 U.S. at 444, *Sheesley*, 70 V.I. at 1021.

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 12 of 18

proceedings, this notice requirement is embodied in Rule 42(a)(1). V.I.R. CRIM. P. 42(a)(1). Rule 42 requires the court to "state the essential facts constituting the charged criminal contempt and describe it as such." V.I.R. CRIM. P. 42(a)(1)(C). In probation revocation proceedings, this requirement is set out by *Morrissey* and *Gagnon* and incorporated into Rule 32.1. V.I.R. CRIM. P. 32.1(b)(2)(A). Rule 32.1 requires "written notice of the alleged violation." *Id.* Federal courts interpreting the analogous notice requirement set out in *Morrissey* and *Gagnon* have held that "a revocation petition should leave no confusion as to the factual incident or the legal statutory offense being charged," *United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014), and that "when a revocation petition alleges the commission of a new crime and the offense being charged is not evident from the condition of probation being violated, a defendant is entitled to receive notice of the specific statute he is charged with violating." *United States v. Havier*, 155 F.3d 1090, 1093 (9th Cir. 1998).

¶ 16    In the case at bar, the Superior Court failed either to state the facts constituting the alleged contempt and designate the contemptuous conduct as criminal—as would be required if the proceedings were for criminal contempt—or to specify which condition of probation Moses was alleged to have violated—if the proceedings were for revocation.[9]

---

[9] The Superior Court's conducting of the hearing also did not provide clarity as to what hearing was being conducted. The Superior Court purported many times to be conducting a criminal contempt hearing, and not a probation revocation hearing. Yet, when announcing its findings at the conclusion of the hearing, the Superior Court used the clear and convincing evidence standard. This is troublesome, as criminal contempt must be proved beyond a reasonable doubt. *See Gompers*, 221 U.S. at 444, *Sheesley*, 70 V.I. at 1021. Taking the Superior Court's repeated insistences that it was conducting a criminal contempt hearing as true, its use of the clear and convincing evidence standard was legally incorrect, and further served to confuse the parties as to the true form of the proceedings—the proceedings had theretofore been held out as criminal contempt, but the Superior Court invoked a lesser and inconsistent standard when rendering its judgment. Likewise, and further compounding the confusion, the Superior Court failed to address all of the elements of criminal contempt—namely, "that the contemnor willfully disobeyed the order. *In re Meade*, 63 V.I. 681, 685 (V.I. 2015). Accepting *arguendo* that the order fixing conditions of probation was properly a subject for a contempt action—*see supra* note 7—to be found guilty of contempt, Moses must have willfully violated her conditions of her probation. Here, the Superior Court found "that a simple assault occurred," (J.A. 150), but it made no findings on the element of willfullness. Instead, the Superior Court appeared to accept

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 13 of 18

¶ 17   The order to show cause did not itself set forth facts, allegations, or conditions of probation which Moses was alleged to have violated. Instead, the court attached the letter written by Bonnie Roy to the order, and stated that

> [i]f the allegations of the status update are true, it would appear to constitute a violation of the conditions of her probation which the Court is empowered to punish pursuant to 14 V.I.C. 581, in that Defendant has breached the conditions of her probation and failed to obey a lawful Order of the Court.

(J.A. 47). Importantly, the "status update"—which consisted solely of the probation officer's forwarding of Roy's letter to the Superior Court—did not make any allegations which could have allowed Moses to formulate a defense. The Superior Court's February 26, 2024 order setting the conditions of Moses' probation set out seventeen total conditions. Only two of those conditions mentioned contempt as a possible sanction for non-compliance, but neither appears relevant to the conduct described in Roy's letter.[10] Therefore, the Superior Court's assertion that it was

---

Moses' and Roy's testimony as true, and found that the elements of simple assault were satisfied by Moses' conduct. Moses' testimony, however, reflects that she did not intentionally commit simple assault. Moses testified that "honestly speaking I didn't assault anybody . . . . I could have not g[otten] into the back and forth confrontation . . . , but my intention[ ] was not to hit anyone . . . . I didn't want[ ] to hit anyone. I just wanted to get out of there, you know, to just excuse myself to go outside." (J.A. 138–39). This testimony reflects that Moses did not intentionally commit simple assault, or that she did not believe the conduct which the Superior Court found to be simple assault was illegal. Therefore, we cannot say that Moses—on the basis of the proffered testimony and the Superior Court's findings—willfully violated her conditions of probation. Moses' testimony also tends to establish that her conduct may not have constituted a simple assault at all, thus calling into question the sufficiency of the evidence used to find her in contempt and revoke her probation. 14 V.I.C. section 291 defines assault as either (1) attempting to commit a battery, or (2) making "a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery." 14 V.I.C. § 291. Moses' own testimony—which was uncontroverted—established that she did not act with the requisite intent under 14 V.I.C. section 291(1). As to 14 V.I.C. section 291(2), there is considerable doubt whether Moses' conduct of running up the stairs was sufficient to satisfy this subsection. Moses' testimony established that she did not intend to commit a battery, while Roy's testimony did not establish any intent to commit a battery, such as cocking a fist, attempting to grab the other attendee, or other conduct showing an "immediate intention" to commit a battery. Roy's testimony merely established that Moses ran up the stairs to where the other attendee was standing. Without greater factfinding by the Superior Court, the record before us does not necessarily establish that Moses committed a simple assault. The cumulative effect of these errors—misapplication of the burden of proof, failure to apply the criminal contempt standard, and insufficiency of the evidence supporting the Superior Court's judgment—operated to deny Moses due process by causing greater confusion as to what was being charged and at what type of hearing, and the failure to employ the proper burden of proof and criminal contempt standard are clear legal errors which warrant reversal on their own.

[10] Those conditions are

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 14 of 18

empowered to punish Moses' alleged non-compliance of her conditions of probation with contempt was insufficient to place her on notice, as she would not have been able to ascertain from this language which conditions she was alleged to have violated. *Cf. United States v. Davis*, 748 F. App'x 449, 452 (3d Cir. 2018) (holding that due process notice requirements were satisfied where the probationer understood the nature of the alleged violation and *could anticipate* the condition he was alleged to have violated); *United States v. Littlejohn*, 508 Fed. Appx. 123, 128 (3d Cir. 2013) (holding that due process notice requirements were satisfied where notice did not specify that the condition alleged to have been violated was a prohibition on drug possession, because the probationer *could ascertain* the condition from the inclusion of the probationer's positive drug tests and failure to report for urinalysis); *United States v. Gordon*, 961 F.2d 426, 430 (3d Cir. 1992) (same).

¶ 18      The only two conditions of probation which appear to relate to the conduct described in Roy's letter are that "Defendant . . . shall enroll and successfully complete an anger management course administered through the Family Resource Center" and that "Defendant shall not violate any of the laws of the Virgin Islands or the United States." However, it was not clear from the order to show cause whether Moses would have to respond to allegations that she failed to complete the anger management course, that she violated the laws of the United States or the

---

1. Defendant shall report, in person, to the Office of Probation within twenty-four (24) hours of release from the Bureau of Corrections and thereafter, once a week, in person, or as often as the probation officer deems it necessary, and her failure to appear shall constitute contempt of Court;

. . . .

12. Defendant shall pay restitution to the victim . . . in the amount of Three Thousand Two Hundred Eighty-Three Dollars and Fifty Cents ($3,283.50). Within thirty (30) days of being placed on probation, Defendant is to set up a payment plan with the Office of Probation for payment of restitution, Defendant's failure to comply with the payment plan, may constitute contempt of Court. (J.A. 38–39).

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 15 of 18

Virgin Islands, or both. It is beyond dispute that the defenses Moses would be obligated to prepare and present regarding these two conditions are unrelated, inasmuch as failure to attend an anger management course does not involve the same inquiry as whether Moses violated any local or federal laws. Accordingly, notice of which specific condition or conditions the Superior Court considered Moses to have violated was essential for her to adequately prepare a defense.

¶ 19    Notice of the specific conduct constituting a violation of a specific criminal statute is essential, especially if the Superior Court considered the condition violated to be that the probationer "not violate any laws of the United States or the Virgin Islands." In other words, "when a revocation petition alleges the commission of a new crime and the offense being charged is not evident from the condition of probation being violated, a defendant is entitled to receive notice of the specific statute he is charged with violating." *Havier*, 155 F.3d at 1093. *See also Vasquez-Perez*, 742 F.3d at 900 ("[A] revocation petition should leave no confusion as to the factual incident or the legal statutory offense being charged."). There are many crimes which Moses' conduct *could* potentially have constituted, but due process requires that she be given notice of exactly what the Superior Court considered to be a violation of her conditions of probation, so that she could defend against those charges. Yet, the Superior Court itself did not provide notice of the crime it considered Moses to have committed—simple assault—until the very end of the hearing.[11] Without such specific notice, Moses was left to guess at what conditions of probation her conduct allegedly violated. The lack of notice as to both the conditions that Moses allegedly violated and

---

[11] Courts have routinely held that when a probationer is not given notice of the alleged violation until the revocation hearing itself, the notice requirement of due process is not satisfied. *See, e.g., Horton v. Rangos*, 136 F.4th 470, 478 (3d Cir. 2025) (reversing a revocation ruling based on a finding of no advance notice given of pendency or alleged violation); *United States v. Joyner*, 486 F.2d 1261, 1263 (1973) (reversing revocation based on a finding that probationer had no notice of either the purpose of the hearing or the charges forming the basis for the revocation hearing), *United States v. Cartwright*, 696 F.2d 344, 350 (5th Cir. 1983) (reversing revocation where revocation was premised on a violation that was never charged before the hearing began).

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 16 of 18

the specific crime which Moses' conduct allegedly constituted undermined her ability to adequately prepare a defense to these charges. Accordingly, we find that the notice as to the grounds for either holding Moses in contempt or revoking her probation was insufficient to afford her due process.

### iii. Inadequate Time to Prepare

¶ 20    In addition to failing to provide Moses with notice of the type of hearing that would be conducted and the charges she would face at that hearing, the Superior Court's order did not give Moses sufficient time to prepare. The requirement of notice serves to "apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" *Gore*, 50 V.I. 233. "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded." *In re Gault*, 387 U.S. 1, 33 (1967). "The notice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance." *Gore*, 50 V.I. at 239 (quoting *Mullane*, 339 U.S. at 314). In addition, Virgin Islands Rules of Criminal Procedure Rule 42(a)(1)(B) requires a "reasonable time to prepare a defense" to criminal contempt proceedings, V.I.R. CRIM. P. 42(a)(1)(B), while Virgin Islands Rules of Criminal Procedure Rule 32.1 requires "written notice of the alleged violation" and "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." V.I.R. CRIM. P. 32.1(b)(2)(A), (C).

¶ 21    In the case at bar, the Superior Court issued its order to show cause on Wednesday, April 17, 2024 at 4:15 p.m., and directed Moses to appear for the hearing on the following Monday, April 22, 2024. At best, this provided Moses two business days to prepare a defense to uncertain

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page **17** of **18**

charges at an uncertain form of hearing. This Court has expressed concern over such a short preparation period in past dicta. *See Henry v. Dennery*, 55 V.I. 986, 994 (2011) ("[T]wo days' notice to prepare an adequate defense and appear at trial is quite short."). Other courts have held similarly. *See Gratz v. State*, 84 So.3d 1219, 1222 (Fla. Ct. App. 2012) (holding four business days insufficient time for counsel to prepare for a criminal contempt hearing); *Goral v. State*, 553 So.2d 1282, 1283 (Fla. Ct. App. 1989) ("[T]he defendant received only two actual working days notice of the contempt hearing and was therefore not afforded a reasonable time for preparation of his defense."). This short window to prepare was exacerbated by the vagueness surrounding the order itself and the resulting confusion of the parties. Moreover, the letter written by Roy omitted the names of witnesses to Moses' conduct at the Family Resource Center, including the attendee with whom Moses had the altercation. These witnesses may have been material to Moses' defense, given her proffer at the hearing that the attendee provoked her Both *Morrissey* and *Gagnon* as well as Rule 32.1 require that a probationer be able to make a defense to the charges against them by questioning witnesses and presenting their own evidence. *See* V.I.R. CRIM. P. 32.1(b)(2)(C). The short turnaround time given by the Superior Court thus undermined Moses' ability to prepare a defense, given that the names of witnesses were unknown and would need to be discovered within only two working days. This inability to gather witnesses and present evidence manifested itself at the hearing, where Moses' counsel attempted to elicit the name of the alleged victim of the altercation at the Family Resource Center in order to offer evidence of provocation. The Superior Court denied this attempt, and the proceedings continued based solely on the testimony of Roy, Moses, and Moses' probation officer.

¶ 22 Accordingly, the order to show cause in this proceeding did not allow Moses a reasonable time to prepare a defense, and this inadequate time to prepare was exacerbated by the lack of

*Moses v. People of the Virgin Islands*
S. Ct. Crim. No. 2024-0035
Opinion of the Court
Page 18 of 18

knowledge as to the identities of potential witnesses or the alleged victim of Moses' conduct at the Family Resource Center. Therefore, the Superior Court's order did not afford Moses due process in this respect.

## III.    CONCLUSION

¶ 23    The Superior Court failed to identify the nature of the proceeding it would be conducting, the charges which formed the basis for that proceeding, and to afford Moses sufficient time to prepare a defense. As a result, the notice given to Moses was defective and deprived her of due process. Accordingly, we reverse the order of the Superior Court holding her in contempt and revoking her probation, vacate Moses' sentence, and remand with instructions to reinstate Moses' probation.

**Dated this 4th day of March, 2026.**

BY THE COURT:

**MARIA M. CABRET**
**Associate Justice**

ATTEST:

**DALILA PATTON, ESQ.**
**Clerk of the Court**
By: _____
**Deputy Clerk II**

Dated: ___3-4-26___